UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER McARTHUR,<br>    Plaintiff,<br><br>        v.<br><br>NINO'S MARKET,<br>    Defendant. | No. 3:20-cv-1001 (SRU) |

**ORDER**

Alexander McArthur ("McArthur"), proceeding *pro se*, brought two actions against Nino's Market, which I consolidated into this action. *McArthur v. Nino's Market*, Dkt. No. 3:20-cv-1001 (SRU); *McArthur v Nino's Market*, 3:20-cv-1054 (SRU). In both proceedings, McArthur principally alleges that the store sold him a faulty Bluetooth device.

For the following reasons, the complaint is **dismissed**.

**I.    Allegations**

On July 17, 2020, McArthur brought suit against Nino's Market, which he alleges is located at 521 Ferry St., New Haven, Connecticut 06513. *See McArthur v. Nino's Market*, No. 3:20-cv-1001 ("Lead Case"), Compl., Doc. No. 1, at 2 [hereinafter, *Lead Compl.*]. McArthur principally contends that a store clerk at Nino's Market sold him a faulty Bluetooth headset for $15.00, refused to accept a return of the defective product for a refund, called him a homophobic slur, and then attempted to beat him up. *Id.* at 2, 8-11. The store clerk's colleagues had to restrain her to protect McArthur from physical harm. *Id.* at 11-12.

McArthur asserts that the store clerk's conduct constituted (1) discrimination, in violation of Title VII and 42 U.S.C. § 1981; (2) intimidation, in violation of 42 U.S.C. § 3617 and Ind. Code § 35-45-2-1; (3) a "customers protection violation" and faulty product; (4) "highway

robbery (breach, larceny); (5) "deceitful practices"; and (6) an inappropriate remark / harassment. *Id.* at 3, 14.

He seeks $5,200,000 in damages and a jury trial. *Id.* at 4.

One week later, McArthur filed a companion case, *McArthur v. Nino's Market*, No. 3:20-cv-1054 ("Companion Case"). In the Companion Case, McArthur alleges that the store clerk and her friends retaliated against him for filing the Lead Case by seizing his bag containing a sandwich and soda. *Companion Case*, Compl., Doc. No. 1, at 2 [hereinafter, *Companion Compl.*].

## II.     Standard of Review

Under 28 U.S.C. § 1915(a), a district court may authorize commencement of an action "without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). Under section 1915(e)(2)(B), however, a court must dismiss an action filed *in forma pauperis* if it determines that "the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." When a plaintiff proceeds *pro se*, the court must construe the pleadings liberally and avoid the "harsh application of technical rules" that could lead to the "inadvertent forfeiture of important rights" merely because a litigant does not have the benefit of representation. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

## III.    Discussion

A case must be "dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In addition, the Court must

dismiss claims when the factual allegations do not "raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plaintiff must "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555 (internal quotation marks omitted).

I must dismiss this complaint, because McArthur does not state a valid federal claim and this Court lacks jurisdiction over this case.

*First*, there is no basis for diversity jurisdiction.  A district court will only have diversity jurisdiction in a civil action between citizens of different states and where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Here, the pleadings provide no information regarding the defendant's citizenship, but I may take judicial notice of the facts that both McArthur and Nino's Market are citizens of Connecticut.  Fed. R. Evid. 201.  McArthur has previously pleaded in this Court that he is a resident of New Haven, Connecticut.  *McArthur v. Property Mgmt., et al.*, Dkt. No. 3:20-cv-1007, Doc. No. 1.  Nino's Market is a business incorporated in Connecticut at the address 519 Ferry St., New Haven, Connecticut 06513.[1]  Accordingly, the defendant is also a citizen of Connecticut.  *See* 28 U.S.C. § 1332(c)(1).  Because both the plaintiff and defendant in this proceeding are citizens of the same state, the parties are not completely diverse.  *Id.*  Thus, this Court lacks jurisdiction on the basis of diversity.

---

[1] *State of Conn. Sec'y of State,* Business Inquiry: Ninos Market LLC.,
https://service.ct.gov/business/s/onlinebusinesssearch?businessNameEn=12OGqMbkv7tOW4Y0wYurDkPpz5O1U
NYEp2tNVgOmT70%3D; *see also Varricchio v. Chalecki*, 2016 WL 5422046, at *4 (D. Conn. Sept. 28, 2016), *aff'd*, 701 F. App'x 65 (2d Cir. 2017) (taking judicial notice of a business record on the Secretary of State's website).

*Second*, because McArthur fails to state a cognizable federal claim, there is no basis for federal question jurisdiction. Under Title 28, section 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule set forth in *Louisville & Nashville R. Co. v. Mottley*, a suit generally "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." 211 U.S. 149, 152 (1908). Because McArthur's federal claims fail scrutiny, and his other causes of action arise under state law, McArthur's complaint does not provide a basis to establish federal question jurisdiction.

As an initial matter, McArthur includes no facts in his complaint to suggest that the clerk's behavior constituted race-based discrimination, or to otherwise specify how the clerk's conduct violated his federal civil rights.

In Count One, McArthur claims that the defendant violated "Title VII Civil Rights Act." Doc. No. 1, at 2. Title VII is inapposite, because McArthur has not alleged that he has an employment relationship with the defendant. Accordingly, he has failed to state a cognizable Title VII claim. *See, e.g., McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800 (1973) ("The language of Title VII makes plain the purpose of Congress to assure equality of employment opportunities and to eliminate those discriminatory practices and devices which have fostered racially stratified job environments to the disadvantage of minority citizens.").

Liberally construing the Complaint, I interpret that he attempts to state a claim for discrimination in a place of public accommodation in violation of 42 U.S.C. § 2000a. But there are at least two problems with such a claim. One, it is not obvious that Nino's Market is covered

4

by the statute. Two, McArthur does not allege that he satisfied the administrative requirements necessary for this Court to have jurisdiction over such a claim.

Section 2000a prohibits discrimination in certain places of public accommodation, including in facilities principally engaged in selling food for consumption on the premises. 42 U.S.C. § 2000a; *see also Daniel v. Paul*, 395 U.S. 298, 307-08 (1969). Accordingly, courts have excluded retail establishments that do not serve food for on-premises consumption. *See, e.g., Jackson v. Walgreens Co.*, 2016 WL 4212258, at *2 (D. Minn. Aug. 10, 2016) (concluding that a retail pharmacy was not a covered establishment); *Gigliotti v. Wawa Inc.,* 2000 WL 133755, at *2 (E.D. Pa. Feb. 2, 2000) (concluding that a convenience store that was not "principally engaged in selling for consumption on the premises" was not a covered establishment). Here, McArthur merely alleges that Nino's Market was a "store," from which I infer that it is a retail establishment not covered by the statute.

Moreover, assuming *arguendo* that Nino's Market is a covered establishment, McArthur insufficiently pleads that he satisfied the administrative requirements necessary for this Court to have jurisdiction over his public accommodations discrimination claim. Section 2000a-3(c) provides that where a state or local law prohibits a discriminatory practice, "no civil action may be brought . . . before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority. . . ." 42 U.S.C. § 2000a–3(c). Connecticut state law prohibits discrimination in a place of public accommodation on the basis of protected class status. Conn. Gen. Stat. § 46a–64. The State of Connecticut has vested the Connecticut Commission on Human Rights and Opportunities ("CHRO") with the authority to address discrimination on the basis of race in public accommodations, providing for the filing of grievances with the CHRO. Conn. Gen. Stat. § 46a–82. Accordingly, if notice is not provided to

the CHRO as required, then this Court will lack jurisdiction over a section 2000a claim. *Chance v. Reed*, 538 F. Supp. 2d 500, 510 (D. Conn. 2008) (explaining this requirement in the context of public accommodations). In other words, for this Court to have jurisdiction over McArthur's claim, he must demonstrate that he gave proper notice before bringing suit.

However, McArthur does not make the required showing of notice to state or local authorities. For example, McArthur does not allege that he filed a complaint with the CHRO, nor does he append a CHRO complaint or Right to Sue letter with the Complaint in this lawsuit. On that basis, McArthur cannot establish that he gave notice to the appropriate state or local authority, as required for review in this Court. Accordingly, I lack jurisdiction and dismiss the claim without prejudice.

McArthur also appears to intend to state a claim arising under 42 U.S.C. § 1981. Section 1981 provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981; *see also Khedr v. IHOP Restaurants, LLC*, 197 F. Supp. 3d 384 (D. Conn. 2016) (applying § 1981 in a public accommodations discrimination claim). To state a claim arising under section 1981, a plaintiff "bears the burden of showing that race was a but-for cause of its injury." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020). If a plaintiff does not allege facts sufficient to carry this burden, dismissal is appropriate. *Felder v. United States Tennis Ass'n*, 27 F.4th 834, 848 (2d Cir. 2022).

Here, McArthur does not allege that race was a but-for cause of the allegedly discriminatory treatment. Indeed, the Complaint contains no factual allegations demonstrating any relationship between the events described in the Complaint and McArthur's race. The only reference to race is within a list of legal bases on which McArthur brings the claim. "While legal

6

conclusions can provide the framework of a complaint, they must be supported by factual allegations," *Iqbal*, 556 U.S. at 679, but the Complaint does not even identify McArthur's race. Therefore, McArthur fails to state a claim of racial discrimination arising under 42 U.S.C. § 1981.  I dismiss the claim without prejudice.

In Count Two, McArthur appears to attempt to state a claim for violation of a provision of the Fair Housing Act which provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided and or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617.  Those sections prohibit discrimination in the sale or rental of housing, residential real estate related transactions, and the provision of brokerage services. "Section 3617 prohibits the interference with the exercise of Fair Housing rights only as enumerated in these referenced sections, which define the substantive violations of the Act." *Frazier v. Rominger*, 27 F.3d 828, 834 (2d Cir. 1994).  McArthur has not alleged that the clerk interfered with the exercise of rights protected by the Fair Housing Act, that statute is inapposite.  Because it is not apparent that he could, I dismiss the claim with prejudice.

In Count Three, McArthur asserts that Nino's Market committed a "customer protection violation."  In Count Four, McArthur alleges that Nino's Market engaged in "highway robbery." "Under the liberal pleading principles established by Rule 8 of the Federal Rules of Civil Procedure, . . . '[t]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim.  Factual allegations alone are what matters.'" *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 46 (2d Cir. 1997) (quoting *Albert v. Carovano*, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (en banc)).  Liberal pleading standards, however, cannot save a cause of action

without basis. Because there is no statutory or common law basis for "customer protection violation" nor "highway robbery," these claims cannot provide a basis on which McArthur can establish federal question jurisdiction or otherwise state a claim. Moreover, granting leave to amend the claims would be futile because they are not cognizable. I dismiss Counts Three and Four with prejudice.

McArthur's remaining claim fails to provide a basis for federal question jurisdiction, because they are either not cognizable or arise under state law. In Count Two, McArthur additionally pleads a claim of "Ind. Code § 35-45-2-1," an Indiana statute criminalizing certain acts of intimidation. Furthermore, to any extent that I might liberally construe the Complaint to raise claims for a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA"), for unfair and deceptive trade practices; under the common law for a products liability claim sounding in tort; or pursuant to a state statute providing a private right of action for civil damages for violations of state criminal harassment laws, Conn. Gen. Stat. § 52-571c, such claims also arise under state law and cannot provide a basis for federal question jurisdiction.

*Third*, I decline to exercise supplemental jurisdiction over McArthur's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Astra Media Grp., LLC v. Clear Channel Taxi Media, LLC*, 414 F. App'x 334, 337 (2d Cir. 2011) (advising that "where all the federal claims have been dismissed at a relatively early stage, the district court should decline to exercise supplemental jurisdiction over pendent state-law claims").

## IV.  Conclusion

Accordingly, the complaint is **dismissed.**

To the extent that McArthur's claim arises under Title VII of the Civil Rights Act, the claim is **dismissed with prejudice**.  To the extent that McArthur's racial discrimination claim arises under 42 U.S.C. § 2000a, the claim is **dismissed without prejudice** to McArthur's demonstration that he properly complied with notice to the CHRO.  To the extent that McArthur's racial discrimination claim arises under 42 U.S.C. § 1981, the claim is **dismissed without prejudice**.

McArthur's claims for "customers protection violation" and "highway robbery" are **dismissed with prejudice**.

McArthur's claims, liberally construed, arising under "Ind. Code § 35-45-2-1," the Connecticut Unfair Trade Practices Act, common law tort law, and Conn. Gen. Stat. § 52-571c are **dismissed without prejudice** for lack of subject matter jurisdiction.

I grant McArthur leave to amend his complaint curing the noted pleading deficiencies within **twenty-one days** of this Order.

If McArthur chooses to file an amended complaint, then I will conduct an initial review pursuant to 28 U.S.C. § 1915 prior to directing service of the amended complaint on the defendant(s).  If McArthur fails to amend his complaint within twenty-one days as directed by this order, I shall dismiss the complaint pursuant to 28 U.S.C. § 1915.

So ordered.

Dated at Bridgeport, Connecticut, this 28th day of July 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge